UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ANDREA A. ANGERA, JR.,<br>　　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 7<br>CASE NO. 19-10764-MSH |
| DONALD LASSMAN,<br>Chapter 7 Trustee,<br>　　　　　　　　Appellant<br><br>v.<br><br>ANDREA A. ANGERA, JR.,<br>　　　　　　　　Appellee. | BANKRUPTCY APPEAL<br>C.A. NO. 21-cv-10547-RWZ |

### OBJECTION OF DEBTOR/APPELLEE TO MOTION OF APPELLANT TO EXTEND DEADLINE FOR FILING BRIEFS

NOW COMES the Debtor/Appellee, Andrea A. Angera, Jr., and hereby serves notice of his Objection to the Motion of Appellant to Extend Deadline for Filing Briefs (the "Motion"). As grounds therefor, the Debtor/Appellee hereby states as follows:

1. The present case is an appeal of the Chapter 7 Trustee to the Order of the Bankruptcy Court below overruling the Objections of the Chapter 7 Trustee and the Creditor Sea Greens Holdings, LLC to the Debtor/Appellee's entitlement to claim the Massachusetts Homestead Exemption under Mass. Gen. Laws. Ch. 188, § 3 in the amount of $500,000 with respect to the Debtor's home at 3 Muskoday Way in Edgartown, Massachusetts (the "Debtor's Home").

2. Upon information and belief, the Chapter 7 Trustee has as recently as approximately Monday, May 24, 2021, received an offer for the sale of the Debtor's Home which Offer has already been accepted by the Chapter 7 Trustee. Upon information and belief, the Appellant's Counsel is currently in the process of preparing a Purchase and Sale Agreement that will soon be presented to the Bankruptcy

*Overruled*
*Rya[n] Zobel, J*  5/27/21

Court as part of a Motion to Sell Real Estate Free and Clear of Liens and Encumbrances under 11 U.S.C. § 363(b) and (f).

3. Depending on the speed with which Appellant's Counsel completes the foregoing tasks, and based upon the provisions of Fed. R. Bankr. Pro. 2002(a)(2), it is very possible that the sale of Debtor's Home could conceivably take place within the next 30 days. It is the Debtor/Appellee's understanding that the $500,000 in proceeds representing the Homestead Exemption, would not be delivered at closing to the Appellee, but rather held in escrow while this appeal remains pending.

4. The Debtor/Appellant's takes no issue with the Motion, *per se*. Indeed, Debtor/Appellee's Counsel is cognizant of the fact that the present Briefing Schedule would require the Appellant's Brief to be filed only two (2) days following the Memorial Day holiday and is sympathetic to the situation faced by Appellant's Counsel.

5. Nonetheless, given the close timing between the prosecution of this appeal and the Appellant's soon-to-be-filed Motion to Sell Real Estate Free and Clear of Liens and Encumbrances, the Debtor/Appellee is placed, as a practical matter, in a wholly untenable position: That is, being forced from his home after the sale of the same by the Appellant on the one hand, while, on the other hand, *not* receiving the $500,000 in proceeds of his Massachusetts Homestead Exemption to which the Bankruptcy Court has already determined that he is entitled, making the acquisition of a new home and his move from his present home financially impossible for all intents and purposes.

6. Furthermore, as known by the Bankruptcy Court below, the Debtor/Appellee is currently undergoing a continuing weekly regime of chemotherapy for the next nine (9) months at the Massachusetts General Hospital in order to treat the Debtor/Appellee's condition of Multiple Myeloma. Consequently, the Debtor needs to have reasonably close access to treatment in Massachusetts. Therefore, contrary to the representation made by the Appellant in the Motion, the allowance of the alteration of the Briefing Schedule of thirty 30) days, would, as a practical matter, present *substantial prejudice* of the Debtor/Appellee's rights and cause him unnecessary hardship.

7. As a compromise, the Debtor/Appellee has offered to assent to having the Briefing Schedule extended by a week (i.e., seven (7) days) for each brief, in order to allow the Appellant a reasonable period of time within which to present whatever arguments he may have for taking the instant appeal. However, this suggestion was rejected out-of-hand by Appellant's Counsel.

WHEREFORE, the Debtor/Appellee respectfully requests that the Court issue an Order:

1. Denying the Appellant's Motion to Extend Deadline for Filing Briefs; or alternatively,
2. Modifying the Briefing Schedule to require the filing of the Appellant's Brief by June 9, 2021, Appellee's Brief by June 23, 2021 and Appellant's Reply Brief by July 7, 2021;
3. Scheduling Oral Arguments with respect to the instant appeal for a convenient time during the Month of July 2021; and
4. For such other and further relief as the Court deems mete and just under the circumstances.

ANDREA A. ANGERA, JR.I, Debtor
By his attorney,

Date: 5/26/2021

/s/Richard N. Gottlieb, Esq.
Richard N. Gottlieb, Esq. BBO# 547970
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, Massachusetts 02108
(617) 742-4491
rnglaw@verizon.net